BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00129-WBS-AC |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,948.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about July 10, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $9,948.00 in U.S. Currency (the "Defendant Currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about September 23, 2013, the DEA received a claim from Marek Brewer ("Brewer") asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that:

a. On July 10, 2013, the DEA received information regarding suspicious travel by Brewer, who was traveling on United Airlines from Chicago, IL to Sacramento, CA from Columbia, South Carolina. Prior to Brewer's arrival, agents confirmed that

1

Consent Judgment of Forfeiture

Brewer had a criminal history, including possession with intent to distribute controlled substances. Based on this information, agents responded to the Sacramento International Airport to speak with Brewer. Brewer did not check any luggage.

      b.    When Brewer arrived in Sacramento on July 10, 2013, agents observed Brewer exit the jet way from his flight and begin walking toward the exit of the terminal. A DEA agent, displaying his badge, approached Brewer, identified himself as law enforcement, and asked for permission to speak with him regarding his travel plans. The agent immediately noticed that Brewer was carrying two cell phones. Brewer agreed to speak with the agent. Brewer told the agent that he was traveling from South Carolina. The agent asked if Brewer was carrying any weapons, contraband, or large amounts of currency. Brewer told the agent he did have about $8,000 in a shoe in his carry-on bag. The agent confirmed that there was a rubber-banded wad of $50 and $100 bills inside the shoe.

      c.    The agent then asked if Brewer would be willing accompany the agent to a private room to avoid having to bring out the currency in public and in order to discuss the currency further. Brewer agreed. Inside the private room, the agent asked if Brewer had any currency other than the currency in his shoe. Brewer said he did. He then showed the agent a wad of rubber-banded currency located within a pair of pants in his carry-on. Brewer also indicated he had about $700 in his wallet. Brewer told the agent that the cash in the shoe, the pants, and in his wallet were from the same source.

      d.    The agent asked Brewer the source of the money. Brewer told the agent the money was work proceeds from two businesses that he worked for – a cellphone store called "Quick Connect Cellular" and a liquor store called "The Corner Packaging." The agent asked Brewer the purpose for carrying the currency. Brewer said he was going to travel to Santa Clara, CA to buy cell phone accessories and products at the "Digit Circle" cell phone store. Brewer told agents he was planning to rent a car to drive to Santa Clara, but, when asked, Brewer could not identify where Santa Clara was located or how far it was from the Sacramento airport.

Consent Judgment of Forfeiture

e. The agent asked Brewer why he was carrying cash instead of using another form of payment, or making the withdrawal in California. Brewer said that he did have a bank account with Bank of America, but that he had had trouble getting money out of the bank in the past and now carries cash with him.

f. Brewer was informed that the Defendant Currency would be presented to a Sacramento County Sheriff's Department drug detection dog. The agent hid the currency in the private room in a location unknown to the drug detection dog, "Maya," or Maya's handler, Sacramento County Sheriff's Department Deputy Cris Rogers. Maya located the Defendant Currency and positively alerted to the odor of narcotics on the Defendant Currency.

g. Brewer has a criminal has a criminal history that includes convictions for firearms and narcotics distribution offenses.

h. After the seizure, the agent conducted internet and database research into the Santa Clara cell phone business, "Digit Circle," from which Brewer was planning to travel to purchase cell phone products. The agent could find no record of a cell phone business called "Digit Circle" in Santa Clara. In any case, Brewer failed to explain why he would travel across the Country to purchase cell phone accessories in person.

4. As a result of the foregoing, the United States believes it could show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above Brewer specifically denying the same and for the purpose of reaching an amicable resolution and compromise of this matter, Brewer agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Brewer hereby acknowledges that he is the sole owner of the Defendant Currency and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Brewer shall hold harmless and indemnify the United States.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $5,548.00 of the Approximately $9,948.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,400.00 of the Approximately $9,948.00 in U.S. Currency shall be returned to potential claimant Marek Brewer through his attorney Dietrich Lake.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Brewer waived the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

4

Consent Judgment of Forfeiture

14. Claimant waived any and all claim or right to interest that may have accrued on the Defendant Currency.

15. All parties will bear their own costs and attorneys' fees.

16. The U.S. District Court for the Eastern District of California, Hon. William B. Shubb, District Judge, shall retain jurisdiction to enforce the terms of this Consent Judgment of Forfeiture.

CERTIFICATE OF REASONABLE CAUSE

17. Based upon the allegations set forth in the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated: April 10, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE